MARY SLATTERY, an Infant, by MICHAEL P. SLATTERY, her Guardian, Plaintiff and Appellant, *v.* FRANK DONNELLY, Defendant and Respondent.

**1. Evidence Examined; Case Should Have Gone to the Jury.**

In this action, after a trial by jury, and at the close of plaintiff's testimony, the defendant moved the trial court to direct a verdict in defendant's favor, which motion was granted, and plaintiff duly excepted to the order. Evidence examined. *Held,* that the order directing a verdict was substantial error to plaintiff's prejudice, and that a new trial must be granted for the reason that the evidence reasonably tended to sustain the allegations of the complaint, and hence such evidence should have been submitted to the jury.

(Opinion Filed November 29, 1890.)

*A*PPEAL from district court, Burleigh county; Hon. WILLIAM H. FRANCIS, Judge.

*Louis Hanitch,* for appellant; *George W. Newton,* for respondent.

WALLIN, J. This action was brought to recover damages for the conversion of a certain piano, which plaintiff alleges she owned at the time the same was siezed and converted by the defendant. The seizure was sought to be justified by the defendant on the ground that it was made by defendant, as sheriff, under final process against Michael P. Slattery, the father of the plaintiff. The ownership of the piano was the sole issue. The case was tried to a jury, and, at the close of the plaintiff's case, defendant moved the trial court to direct a verdict in his favor on the ground that the facts proved failed to establish a cause of action against the defendant, and that there is no proof of the delivery of the property by the father to the plaintiff. The motion was granted, to which ruling the plaintiff duly excepted. A bill of exceptions embracing the evidence and the rulings of the trial court was settled, and a motion for a new trial was denied. The ruling directing a verdict, and the ruling denying plaintiff's motion for a new trial, are assigned as error in this court. The testimony tends to show the following state of facts: In the year 1881, and ever since, Michael P. Slattery resided with his family at the city of Bismarck; that his family consisted of a wife and several children; that one of his children was Mary Slattery, the plaintiff herein; that he owned the house in which he resided; that in November of that year Michael. P. Slattery went to Ireland on a visit, and there received from his father, for the education of his children, and especially for his daughter Mary, (the plaintiff,). the sum of $500; that he returned from Ireland to Bismarck, and, some time in May, 1882, began to negotiate for the purchase of the piano in question; that he informed the plaintiff that he would purchase said piano for her, and did purchase the same for her in August or September, 1882; that his daughter, the plaintiff, was home when the piano was delivered at the house; that the father informed the plaintiff that the piano was hers, and she was afterwards instructed to perform on the piano; that she always claimed it as her piano, and the father and mother both said it was her piano, and the mother knew that it was to be purchased for her; that at the time of the purchase Michael P. Slattery was solvent, and

in good circumstances. The learned counsel for the respondent contends that the evidence adduced fails to establish the fact that the piano was purchased out of a trust fund created by plaintiff's grandfather. In this we can agree with counsel; but we are quite clear that all of the testimony tended strongly to show that plaintiff's father bought the piano out of his own resources, with the avowed purpose and design of giving it to the plaintiff as a present, and did carry out his intention, and deliver the piano to the plaintiff as a gift at a time when he was entirely solvent, and hence could lawfully make such a gift. Whether the gift was perfected by delivery, and whether the transaction was *bona fide*, or otherwise, were questions of pure fact, and hence they should have been submitted to the jury. We shall uphold the established practice under which a trial court may direct a verdict in cases where there is no competent evidence reasonably tending to sustain the issues of fact. The rule is highly salutary, but in the present case we find that it was not properly exercised. We hold that the order directing a verdict for defendant was error affecting the substantial rights of the plaintiff, and for such error the judgment must be reversed, and a new trial granted. It will be so ordered. All concur.