JOHN T. PIRIE, GEORGE SCOTT, ROBERT SCOTT, and ANDREW McLEISH, Co-Partners under the firm name and style of CARSON, PIRIE, SCOTT & Co., Plaintiffs and Respondents, *v.* GEORGE GILLITT, WILLIAM GILLITT, and HARVEY GILLITT, Co-Partners doing business under the firm name and style of GILLITT BROS., Defendants; HARVEY GILLITT, Defendant and Appellant.

**Directing Verdict—Evidence of Partnership.**

1. When the court directs a verdict for either party, the evidence of the opposite party must be considered as undisputed, and it must be given the most favorable construction for him that it will properly bear, and he must have the benefit of all reasonable inferences arising from his testimony; and it is only where his testimony, thus considered, could not legally sustain a verdict in his favor, that a court is warranted in directing a verdict against him.

2. The fact that a party was a member of a co-partnership cannot be proven by the unauthorized statements and representations of one who was a member of the firm.

3. Nor can the fact that a party was not a member of a co-partnership be proven by his own prior statements to that effect, even where such statements were made to an agent of the party seeking to hold him as such partner.

(Opinion Filed Nov. 23, 1891.)

*A*PPEAL from district court, Richland county; Hon. D. E. MORGAN, Judge, presiding.

*W. E. Purcell* and *L. B. Everdell,* for appellant. *Ball & Smith,* for respondents.

Action on account for goods sold. Verdict for plaintiffs by direction. Motion for new trial denied, and judgment entered on the verdict. From the judgment and order refusing a new trial defendant Harvey Gillitt appeals. Reversed.

W. E. Purcell and L. B. Everdell, for appellant:

The unauthorized statements of a person that a partnership exists between certain persons will not bind the person so charged. Lawson on Rights and Practice, § 642; 2 Greenleaf on Evidence, § 484; McPherson v. Rathbone, 7 Wend. 216; Whitney v. Ferris, 10 Johns. 66.

Ball & Smith, for respondents:

A partner, retiring from the firm, must give notice of his retirement or he will be liable to creditors of the continuing firm on purchases made by them after his retirement. 2 Bates on Partnership, § 606; Graves v. Merry, 6 Cow. 701; Williams v. Bowen, 15 Cal. 321; Bank v. Howard, 35 N. Y. 500; Amidon v. Osgood, 58 Am. Dec. 171.

The opinion of the court was delivered by

BARTHOLOMEW, J.   There must be a new trial in this case. The action was on account for goods sold by the plaintiff firm to the firm of Gillitt Bros.   Harvey Gillitt only made defense, and the sole issue was as to his membership in the firm of Gillitt Bros.   The case was tried in February, 1891.   The court, on motion, directed a verdict for the plaintiff, and Harvey Gillitt appeals.   The respondents began dealing with the firm of Gillitt Bros. in 1887.   The goods for the value of which the action was brought were sold in August, 1888.   To prove that Harvey Gillitt was or had been a member of the firm of Gillitt Bros., respondents introduced in evidence three certain exhibts.   Two of these exhibits bear date May 18, 1888.   The first purported to be a contract, by the terms of which George H. Gillitt and W. H. Gillitt purchased the interest of Harvey Gillitt in the mercantile business of the firm of Gillitt Bros., and stating the amount to be paid therefor, and the terms of payment, and from which it would appear that Harvey Gillitt had owned a half interest in the business.   This contract is signed by the three parties. The second instrument is a bill of sale from Harvey Gillitt to George H. and W. H. Gillitt of such interest.   The third instrument is a summary of the inventory taken in January, 1888, and would appear to be the basis upon which the other instruments

were drawn. These exhibits were found in the court records of that county, having been introduced by Harvey Gillitt in the case of Harvey Gillitt against John Miller, tried some time previously. It seems that Miller, as sheriff, had levied upon certain property as the property of Gillitt Bros., and Harvey Gillett brought an action as mortgagee to recover the same, and these papers were introduced for the purpose of establishing the indebtedness secured by the mortgage. It may be readily conceded that, if the statements and recitals in those exhibits were uncontradicted and unexplained, the law would at once and conclusively say that, on and prior to May 18, 1888, Harvey Gillitt was a member of the firm of Gillett Bros. But respondents never extended any credit or took any action in any manner upon the strength of those exhibits. There is no element of estoppel in the case. In this case either party was at liberty to contradict any of the matter contained in those exhibits. In fact, the contrary is not for a moment claimed in this court, but it is claimed that there has been no substantial contradiction of those matters. This, we think, is a misapprehension of the evidence. The appellant went upon the stand and testified, in substance and in detail, that prior to 1885, and for about 15 years, he had been engaged in mercantile business at Hastings, Minn. That the business was conducted in the name of H. Gillitt, and no person but himself was interested in it. In 1885 he desired to go out of business, and to that end gave his sons, George H. and William H. Gillitt, one-half of the entire stock, with an agreement and understanding that they (the sons) were to take entire charge and control of the business and pay him for one half of the stock, the title to the one-half to remain in him until the goods were paid for. That the sons constituted the firm of Gillitt Bros., and after October 1, 1885, he (witness) had no interest in the business or in the profits or losses. That in August, 1886, the sons moved the entire business to Wahpeton, N. D. That soon after he desired the sons to make him evidences of indebtedness for what was coming to him, but that was never consummated until in May, 1888. That the exhibits signed by him were sent to him at Hastings, and he signed them in consummation of their former business transactions, and, as

he understood it, as a settlement between him and his sons. That the transaction did not take place as of the date of the instruments, but at the former date. That he "was doing business with his sons, and supposed everything was all satisfactory," and that his only object in turning the business over was that he might get out of business, and the sons establish a business for themselves. That he was never a member of the firm of Gillitt Bros.

Without indicating whether or not this explanation would be satisfactory to the reasonable mind, this, at least, is true: It is not inherently impossible, nor so strikingly improbable as to warrant a court in saying, as a matter of law, that it is false. If appellant's testimony were the only testimony in the case upon the issue involved, it certainly would, as we think, have a tendency to establish that issue in appellant's favor. If we are right, then there was a substantial conflict in the evidence. Had the jury found the issue for the appellant on all the testimony, no court could safely say that such verdict was so far against the weight of evidence as to unmistakably point to the presence of bias, passion, or prejudice in the jury. When a court directs a verdict for either party, the evidence of the opposite party must be considered as undisputed, and it must be given the most favorable construction for him that it will properly bear, and he must have the benefit of all reasonable inferences arising from his testimony; and it is only where his testimony, thus considered, could not legally sustain a verdict in his favor, that a court is warranted in directing a verdict against him. See 11 Amer. & Eng. Enc. Law 245, and authorities there collated.

What we have said is sufficient to dispose of the case, but as two other points that are presented may arise again upon another trial we will notice them. Against appellant's repeated objections for incompetency, the respondents were permitted to prove, by the credit man in their employ, the representations and statements made to him by George H. Gillitt to show that Harvey Gillitt was a member of the firm of Gillitt Bros. There was no attempt to show that Harvey Gillitt ever authorized any such statements to be made, or knew that they had been

made, or in any manner ratified them. The evidence was clearly improper. 2 Greenl. Ev. § 484, and cases cited; 1 Lindl. Partn. p. *85; Bates, Partn. § 1157. Respondents in their evidence referred to one Fishborn, an employe, and stated his position to be that of "a general salesman, who is acquainted with the trade, and controls the trade, so to speak." Appellant, when on the stand, was asked what business he had done with this man Fishborn, acting for the house. An objection to the question was sustained, whereupon appellant's counsel offered to show by the witness that, at different times previous to the formation of the firm of Gillitt Bros., witness had transacted business with plaintiff firm through Mr. Fishborn as agent; that he had made purchases through him; had paid money through him, and received credit for the moneys so paid; that he had done business of a general nature relating to his business with the plaintiff firm through said Fishborn. Further, that in June, 1888, witness met said Fishborn on the cars, and stated to him fully all of the facts in regard to his sale of the business, and of his retirement therefrom, and expressly stated to him that he had no interest whatever in the profits and losses of the business of Gillitt Bros., but had turned over the business entirely to them. This was objected to on the ground that, under the offer and the evidence, notice to Fishborn would not be notice to the firm, and the objection was sustained. This ruling was correct. Whether or not the offered evidence was vulnerable to the particular objection urged we need not decide. It was clearly immaterial and incompetent. As we have said, there was no question of estoppel in this case—no claim of partnership liability on that ground; the sole issue being whether Harvey Gillitt was in fact a member of the firm of Gillitt Bros. Appellant could not show that he was not such partner by proving his former statements to that effect, whether such statements were made to an agent of the firm, a member of the firm, or a stranger. Such statements were entirely incompetent. For the reasons hereinbefore stated the district court is directed to vacate its judgment and order a new trial. Reversed. All concur.

WALLIN, J., having been of counsel, did not sit on the hearing of the above case; Judge TEMPLETON, of the first judicial district, sitting by request.