## Daniel W. Vickery *vs.* M. H. Burton, *et al.*

Opinion filed November 19th, 1896.

**Burden on Party Alleging it to Prove Indorsement.**

Where issue is joined on an allegation in the complaint that promissory notes, payable to order, on which the action is brought, were sold, indorsed, and transferred to the plaintiff in good faith, before maturity, the burden is on the plaintiff to establish the truth of such allegations by evidence; and, among other things, the plaintiff must show that the notes were in fact indorsed by the payee.

**Actual Indorsement Must be Shown.**

The mere fact that a promisory note, when offered in evidence, had indorsed upon its back the name of the payee, does not establish the fact that the payee endorsed the same, in the absence of proof of actual indorsement.

**Name of Payee on Back of Note Does Not Prove Indorsement.**

Plaintiff alleged that he was the owner of promissory notes payable to the order of Pulaski J. Scovil, and at the trial put the notes in evidence. On the back of each appeared the following indorsement: "P. J. Scovil." *Held*, that such indorsement does not raise a presumption of law that the notes were indorsed in fact by Pulaski J. Scovil, and, without further evidence, such indorsement furnishes no proof that the payee indorsed said notes. There is no legal presumption that P. J. Scovil is the same person as Pulaski J. Scovil.

**Directed Verdict Improper.**

Evidence in the record examined, and *held* that an order of the District Court, made at the close of the evidence, directing a verdict for the plaintiff, was unwarranted by the state of the evidence, and hence was erroneous.

Appeal from District Court, Burleigh County; *Winchester*, J.

Action by Daniel W. Vickery against Melkert H. Burton and another. From a judgment for plaintiff, defendant's appeal.

Reversed.

*Newton & Patterson*, for appellants:

This action was to recover the amounts of certain notes by fore-closing the mortgage given to secure them. They were open to any defense arising out of the same transaction between the original parties. *Olds* v. *Cummings*, 31 Ill. 188; *Edgerton* v. *Young*, 43 Ill. 464; *Kluman* v. *Frishie*, 63 Ill. 482; *White* v. *Sutherland*, 64 Ill. 181; *Haskell* v. *Brown*, 65 Ill. 29; *International Bank* v. *Bowen*,

80 Ill. 541; *Melendy* v *Keen*, 89 Ill. 395; *Bailey* v. *Smith*, 14 Ohio St. 396; *Bush* v. *Lathrop*, 22 N. Y. 535; *Johnson* v. *Carpenter*, 7 Minn. 176; *Hostetter* v. *Alexander*, 22 Minn. 559; *Schmidt* v. *Frye*, 5 La. Ann. 435; *Garner* v. *Gay*, 26 La. Ann. 376; *Morris* v. *White*, 28 La. Ann. 855; *Butler* v. *Slocum*, 33 La. Ann. 170; *Wright* v. *Eames*, 10 Rich. Eq. 585; *Shaw* v. *Carpenter*, 54 Vt. 155. A mortgage is an assignable but not negotiable instrument, § § 4716–4717, Rev. Codes. The court cannot presume as a matter of law that P. J. Scovil written upon the back of the notes is the payee Pulaski J. Scovil. *Andrews* v. *Wynn*, 54 N. W. Rep. 1047; *Spinning* v. *Sullivan*, 11 N. W. Rep. 758; *Central Trust Co.* v. *First National Bank*, 101 U. S. 68, 25 L. Ed. 876. The plaintiff in the first instance had made out a case by the production of the notes and an indorsement to him. The burden was then cast upon defendants to show some illegality or other matter that would defeat the notes in the hands of the payee. Thereupon such defense having been introduced, the burden shifted back upon the plaintiff to show that he was holder in due course. *Clark* v. *Pease*, 41 N. H. 414; Bigelow on B. and N. 507; *Heath* v. *Sanson*, 2 B. and Ad. 291; *Brown* v. *Philpot*, 2 M. and Rob. 285; *Bailey* v. *Bidwell*, 13 M. and W. 73; *Mills* v. *Barber*, 1 M. and W. 425; *Bingham* v. *Stanley*, 2 A. and E. 117, 2 Greenl. Ev. § 172; *Monroe* v. *Cooper*, 5 Pick 412; *Woodhul* v *Holmes*, 10 Johns 231; *Vallett* v. *Parker*, 6 Wend. 615; *Small* v *Smith*, 1 Den. 583; *Worcester Co. Bank* v. *D. & M. Bank*, 10 Cush 488; *Wyer* v. *D. & M. Bank*, 11 Cush. 52; *Crosby* v. *Grant*, 36 N. H. 273; *Rockwell* v. *Charles*, 2 Hill 499; *Bissell* v. *Morgan*, 11 Cush. 198. Whether a transaction is *bona fide* is a question of fact for the jury. *Slattery* v. *Donnelly*, 1 N. D. 264. Plaintiff must show not only that he purchased for value before maturity, but also that he acted in good faith to overcome defendants showing of illegality. *Canajoharie Nat. Bank* v. *Diefendorf*, 1 N. Y. Supp. 58, 23 N. E. Rep. 801, 10 L. R. A. 626; *Cummings* v. *Thompson*, 18 Minn. 246; *Sullivan* v. *Langley*, 120 Mass. 437; *Smith* v. *Livingstone*, 111 Mass. 342; *Paton* v. *Coit*, 5 Mich. 505; *Bank* v. *Richter*, 57 N. W. Rep. 61; *First Nat. Bank* v. *Helan*,

65 N. W. Rep. 952; *Averill* v. *Bayles*, 3 N. W. Rep. 731; *Wortendyke* v. *Meehan*, 2 N. W. Rep. 199; *Darst* v. *Backus*, 24 N. W. Rep. 681; *Colby* v. *Parker*, 52 N. W. Rep. 693; *United States, etc.* v. *Crosby*, 53 N. W. Rep. 352.

*Boucher & Philbrick*, for repondent.

The burden of proving that the assignee took the mortgage with notice or that he is not a *bona fide* purchaser is on the party who sets up fraud. *Marshall* v. *Billingsby*, 7 Ind. 250; *Farmers Bank* v. *Douglas*, 19 Miss. 469; *Langdon* v. *Keith*, 9 Vt. 299; *Hotchkiss* v. *National Bank*, 88 U. S. 354; *Murray* v. *Lardner*, 69 U. S. 110. The holder of negotiable paper before maturity and without notice takes it clear of equities between the original parties and neither fraud nor duress will invalidate it in his hands. *Clarke* v. *Pease*, 11 N. H. 425; *Hogan* v. *Moore*, 48 Ga. 162; *Hall* v. *Wilson*, 16 Barb. 551; *Phelan* v. *Moss*, 67 Pa. 59; *Magee* v. *Badges*, 34 N. Y. 247; *Bank* v. *Hoge*, 35 N. Y. 65. The purchaser in good faith of a promisory note before maturity who takes an assignment of a mortgage securing the same, takes the security as the note free of equities. 1 Jones Morts. §§ 834–840; *Beals* v. *Neddo*, 2 Fed. Rep. 41; *Carpenter* v. *Langan*, 16 Wall. 271; *Renicott* v. *Supervisors*, 16 Wall. 452; *Sawyer* v. *Picket*, 19 Wall. 146; *Hayden* v. *Drury*, 3 Fed. Rep. 782; *Swett* v. *Stark*, 31 Fed. Rep. 858; *Sprague* v. *Graham*, 29 Me. 160; *Pierce* v. *Fannee*, 47 Me. 507; *Paige* v. *Chapman*, 58 N. H. 333; *Taylor* v. *Page*, 6 Allen 86.

WALLIN, C J. This action is brought to foreclose a mortgage given to secure the payment of two promissory notes dated October 12, 1892, of $300 each. The notes were executed by the defendants, and delivered to one Pulaski J. Scovil, to whose order they were made payable, and the mortgage was made and delivered by the defendants to Scovil at the same time the notes were delivered. The mortgage covered real estate situated in Burleigh County, and was properly recorded. The complaint alleges: "That thereafter the said notes were, by the indorsement of the said Pulaski J. Scovil, for a valuable consideration,

and before the same became due, transferred and delivered to the plaintiff; that the said mortgage at the same time was sold and transferred to the said plaintiff by the said Pulaski J. Scovil; that thereafter said Pulaski J. Scovil, by an instrument in writing, duly executed, acknowledged, and delivered, assigned to the said plaintiff the above described mortgage, and the said assignment was thereafter, on the 18th day of March, 1895, filed in the office of the register of deeds of said County of Burleigh, and recorded in Book E of Mortgages." The allegations of the complaint above quoted, and having reference to the transfer and indorsement of the notes and the assignment of the mortgage, are put in issue by the defendants' answer. As new matter, and as a defense, the answer sets out, in effect, that the notes in suit were given by the defendants to Scovil for a part of the purchase price of a certain threshing machine outfit sold by Scovil to the defendants; that certain false and fraudulent representations concerning the qualities of said machinery and outfit were made to the defendants by said Scovil as an inducement to them to purchase the same, and that such representations were believed and relied upon, and the defendants were induced thereby to purchase the same, and did accordingly purchase the same; that said representations were known to be false by Scovil when they were made, and the same were false and fraudulent, and that the said machinery and threshing outfit were not worth a greater sum than was paid down in cash for the same at the time of the purchase; and that the notes and mortgage were wholly without consideration.

The fraud in the sale of the machinery, as set out in the answer, was established by the testimony offered at the trial in behalf of the defendants, and no evidence was offered by plaintiff to disprove such fraud. The fraud pleaded must therefore be regarded as an established fact in the case. But fraud, as between original parties, would not be available to the defendants in this action if the plaintiff in this action is a good faith purchaser of the notes, in due course, and without notice of

such fraud. There is much conflict of judicial opinion as to whether, where fraud in a sale of property, as between the vendor and vendee, is shown, such showing operates to shift the burden of proof to the plaintiff in a case where negotiable paper given for the property by the purchaser is sued on by an indorsee of the paper. We think the better reason and the weight of authority support the view that proof of such fraud does. shift the burden of proof, and that in such cases, after proof of fraud, the plaintiff has the burden of showing a good faith purchase of such paper, in due course and without notice. See *Vosburgh* v. *Diefendorf*, (N. Y. App.) 23 N. E. Rep. 801; *Id.*, (Sup.) 1 N. Y. Supp. 58; *Bank* v. *Crosley*, (Iowa,) 53 N. W. Rep. 352; *Colby* v. *Parker*, (Neb.) 52 N. W. Rep. 693; *Darst* v. *Backus*, (Neb.) 24 N. W. Rep. 681; *Averill* v. *Boyles*, (Iowa,) 3 N. W. Rep. 731; *Bank* v. *Holan*, (Minn.) 65 N. W. Rep. 952; *Bank* v. *Richter*, (Minn.) 57 N. W. Rep. 61; *Smith* v. *Livingston*, 111 Mass. 342-344; *Sullivan* v. *Langly*, 120 Mass. 437. Under the rule of evidence established by these authorities,—fraud as between original parties having been shown,—the burden 'of showing a good· faith purchase, in due course, of the notes in suit, was cast upon the plaintiff. Plaintiff assumed this burden, and undertook to show by his testimony that he was such good faith purchaser, in due course of business. And this issue—which was tendered squarely by the defendants answer—presents the turning point of the case.

The notes matured, respectively, in November, 1893 and 1894, and were put in evidence without objection, as was the original instrument of assignment, whereby the mortgagee (Scovil) assigned the mortgage to the plaintiff. The notes were indorsed with the following words: "P. J. Scovil." The instrument of assignment bears date the "14th day of March, A. D., 1895," and said instrument was recorded in the office of the register of deeds on the "18th day of March, A. D. 1895." Said instrument of assignment recites that the mortgagee, in addition to the mortgage, does grant, bargain, sell, and set over the "notes or obligations" described in the mortgage. To show that the notes to the plaintiff were trans-

ferred to him in good faith, and in due course, before their
maturity, the plaintiff put in evidence his own deposition, that of
Pulaski J. Scovil, and the deposition of one Charles Chambers.
No other testimony was offered on this feature of the case. It
will serve no useful purpose to set these depositions out at length.
It will suffice to say that they sufficiently established the follow-
ing facts, viz.: First, that before the maturity of either of the
said notes, and on or about March 13, 1893, the plaintiff sold and
conveyed to said Scovil certain town lots situated in Mason City,
in the State of Illinois; second, that the plaintiff received in pay-
ment from Scovil, for said town lots, the two promissory notes in
question; third, that the plaintiff at the time of the purchase of
said notes, had no notice or knowledge of any of the defenses or
fraud alleged in the answer. It is not stated in either of said
depositions that the notes in suit were actually delivered by
Scovil to this plaintiff at the time or on the occasion of the trans-
fer of the town lots to Scovil, or at any other time. It does
appear that when suit was commenced, in March, 1895, the notes
were in the hands of plaintiff's attorney, but when they were
delivered to him or to the plaintiff does not appear in evidence.
Nor does any witness testify that the notes were actually indorsed
by Scovil at the time of their purchase by the plaintiff, or
at any time. In his deposition, Scovil uses the following lan-
guage: "That he assigned to G. W. Vickery at the time all right,
title, and interest in said notes and mortgage, and that said G.
W. Vickery became the *bona fide* and legal owner of said notes
and mortgage at the date aforesaid." No reference to an assign-
ment of either the notes or mortgage is made in either of the
other depositions, but in all the depositions there is, or seems to
be, a studied effort to avoid the crucial matter of the actual
indorsement of the notes prior to their maturity, or at all; and at
the same time all of the witnesses swear, in substance, to the
conclusion that after the transaction had on or about March 13,
1893, the plaintiff was the lawful owner and holder of the notes
and mortgages. Upon this testimony, after the evidence had

been closed, the plaintiff's counsel (assuming that the evidence demonstrated that the plaintiff was a good faith purchaser of the notes and mortgage, before maturity, and in due course of business) moved the trial court for a directed verdict in plaintiff's favor. The motion was granted, and such verdict was returned, and upon it judgment was entered in plaintiff's favor. The ruling of the court below in directing the verdict is assigned as error in this court. We are satisfied that the ruling was erroneous. It is elementary that an indorsement by the payee of the note is essential to a transfer in due course, and that, without such indorsement, a good faith purchaser before maturity will not take the paper free from defenses existing between original parties. *Spinning* v. *Sullivan*, (Mich.) 11 N. W. Rep. 758; *Dunham* v. *Peterson*, 5 N. D. 414, 67 N. W. Rep. 293; *Bank* v. *Kingsland*, 5 N. D. 263, 65 N. W. Rep. 697.

In this case the words "P. J. Scovil" appeared on the back of the notes when they were put in evidence, but, as has been seen, there was no testimony whatever tending to show when, or by whom, these words were placed upon the notes. Counsel argue that, where the name of the payee appears on the back of a note, the law will supplement such name by a *prima facie* presumption that the name·was written there in due course, and before maturity. Such is the settled rule of law where the fact of the payee's signature is duly established. This elementary rule is enunciated by § 4867, Rev. Codes, which reads: "The signature of every drawer, acceptor and endorser of a negotiable instrument is presumed to have been made for a valuable consideration before the maturity of the instrument and in the ordinary course of business." And in defining an "endorsee" the statute declares that the instrument must be "duly endorsed to him or endorsed generally, or payable to the bearer, or one other than the payee who acquires such an interest of such an endorsee thereof." Rev. Codes, § 4884. Only such an indorsee is entitled to protection. Id. § 4885. It therefore appears that under the provisions of the Code of this state, as well as by the rules of the law merchant, in a case like

the case at bar an indorsement by the payee is essential, in order to vest the purchaser with the rights of an indorsee of negotiable paper. In our view of the evidence in this record, the plaintiff has signally failed to show the essential fact of indorsement by Scovil, the payee named in the notes. Not one syllable of evidence was offered at the trial tending to prove an indorsement of the notes in suit by the payee either before or after maturity, or at all. As has been said, no evidence was offered to show when, where, or by whom the words "P. J. Scovil" were written on the back of the notes. It is clear that, until the primary fact of indorsement is established, the presumption that the holder of the paper, other than the payee, received it in due course, cannot attach. See authorities cited in Abb. Tr. Ev. p. 403. This well-settled rule of law is changed by statute in the State of Minnesota. See Gen. St. Minn. 1894, § 5751; *Tarbox* v *Gorman*, 31 Minn. 62, 16 N. W. Rep. 466; 2 Rand Com. Paper, § § 774, 775. But in this · state, as has been seen, an actual indorsement is requisite, as a condition to a good-faith purchase in due course. See *Blakely* v. *Grant*, 6 Mass. 386; *Spicer* v. *Smith*, 23 Mich. 96.

Counsel for respondent points to an expression found in Scovil's deposition, as follows: "That he assigned to D. W. Vickery, at that time, all right, title, and interest in said notes and mortgage." It will be noticed that neither the plaintiff nor Chambers, in their testimony, refer to any aisignment, or instrument of assignment, of either the notes or mortgage, as having been made or signed by Scovil at the time referred to, at which it is claimed the notes were sold; and a careful perusal of all the evidence brings out the fact that Scovil must have used the term "assign," in his deposition, in a general sense, and as synonymous with the terms "transferred," "set over," and like general expressions, and did not intend to be understood as testifying that he made a written assignment, much less an indorsement, of the notes, at the time referred to. In fact, this construction of the evidence becomes manifestly the correct one, in view of the fact that the plaintiff's own evidence shows conclusively that the mortgage, at least, was

not assigned by writing until long after the note matured, and not until March, 1895, which is the date of the instrument of assignment put in evidence by the plaintiff. From the whole evidence when considered together, it sufficiently appears, and we are satisfied of the fact, that Scovil did not intend to swear that he affixed his signature to either the notes or the assignment of mortgage in the month March, 1893. In his testimony he couples the notes with the mortgage, and refers to both as being assigned by him at one and the same time. From this it is clear that the witness must, as we have suggested, have used the word "assign" only in a general sense. In this condition of the evidence, we are at a loss to understand upon what theory the learned trial court assumed that the evidence was conclusive, and showed clearly that the plaintiff had shown an indorsement of the notes to him, in due course, by the payee, before their maturity. There is a marked unanimity of reticence on the part of the witnesses with respect to the decisive matter of an indorsement of the notes by the payee thereof. Parties and counsel are presumed to know that this matter of the indorsement of the notes was the controlling issue in the case, and yet upon this point the plaintiff offered no evidence. Comment would seem to be unnecessary. But counsel say the words "P. J. Scovil" appeared on the back of the notes when they were put in evidence. This is true, but from this fact no legal inference can be drawn that such words were written on the notes by the payee. Nor is there any presumption of law that the letters "P. J." are intended to stand for the initials of Pulaski J. Scovil, the payee. See *Andrews* v. *Wynn*, 4 S. D. 40, 54 N. W. Rep. 1047. It cannot be too frequently stated that great caution is necessary in taking a controverted question of fact from a jury, and this should never be done in a case where there is reasonable doubt upon the state of the evidence. See *Pirie* v. *Gillitt*, 2 N. D. 255, 50 N. W. Rep. 710; *Slattery* v. *Donnelly*, 1 N. D. 264, 47 N. W. Rep. 375; *Finney* v. *Railway Co.*, 3 Dak. 270, 16 N. W. Rep. 500.

The judgment of the District Court is reversed and a new trial ordered. All the judges concurring.