## MERCHANTS NAT. BANK v. STEBBINS *et al.*

1. Where a bank sued to recover money alleged to have been loaned to a partnership, and defendant alleged that the money was loaned to a corporation and denied that he was connected with the alleged partnership, evidence by plaintiff's cashier that the money was loaned to persons with whom defendant had business relations, but leaving it doubtful whether they were co-partners or officers of a corporation, and whether the money was loaned to them in the one capacity or the other, and by defendant that he was interested in the transaction only as a stockholder, produced such a conflict as to require submission to the jury.

2. In an action against three co-defendants, where judgment was rendered against all three from which only one appealed, reversal of the judgment as to the appellant left the judgment still in force as to the other defendants.

3. Under Comp. Laws, § 5096, providing that in an action against several defendants the court may render judgment against one or more of them, leaving the action to proceed against the others, an action may proceed against one of several co-defendants after a judgment.

4. In determining the correctness of a ruling directing a verdict, the court will not consider all the evidence, but the evidence of the moving party will only be considered in so far as it tends to support the case of the adverse party.

FULLER, P. J., dissenting.

(Opinion filed December 31, 1901.)

Appeal from circuit court, Lawrence county, HON. JOSEPH B. MOORE, Judge.

Action by the Merchants National Bank against William R. Stebbins and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Martin & Mason,* for appellant.

Unless an intention to the contrary can be shown, persons engaged in any business or adventure, and sharing the profits derived from it, are partners as regards that business or adventure. 1 Lindley, partnerships Star pages 18, 19, 22 and notes; Duryea v. Whitcomb, 31 Vt. 395; Beauregard v. Case, 91 U. S. 134; Stettauer v. Carney, 20 Kas. 474; Claggett v. Kilbourne, 1 Black U. S. 345; Sage v. Sherman, 2 N. Y. 418; Lawrence v. Robinson, 4 Cal 567; Gilbank v. Stevens, 31, Wis. 592; Leggett v. Hyde, 58 N. Y. 272.

Where names are associated together in a signature, as "A. & B." or "A. B. & Co.," these designations are *prima facie* evidence of a co-partnership. Morris v. McKnight, 47 N. W. 377 (N. D.); Sherry v. Gilmore, 17 N. W. 252, 58 Wis. 332.

A partner in a non-trading partnership who has authority to borrow money is authorized also to execute the note of the firm for the money borrowed. Webb. v. Allington, 27 Mo. App. 559.

A general partner, whether the partnership is a trading or a non-trading partnership, has authority to give notes essential to carry into effect the ordinary purposes of the partnership. 17 Enc. of Law, p. 1026; 1 Bates on Partnership, § 321; Levi v. Latham, 19 N. W. 460, 15 Neb. 509; Brayley v. Hedges, 52 Ia. 623; Van Brunt v. Mathr, 48 Ia. 503; Morse v. Hagenah, 32 N. W. 634 (Wis.); Kimbro v. Bullitt, 22 Howard, 256; Andrews v. Congar, (102 U. S.) Co. Op. Ed. Vol. 26, bottom p. 90; Clarke v. Wallace, 48 N. W. 339-340.

Where the court directs a verdict for either party the evidence of the opposite party must be considered as undisputed, and it must be given the most favorable construction for him it will properly bear, and he must have the benefit of all reasonable inferences arising from his testimony. Pirie v. Gillett, 2 N. D. 255-58; Wardner v. Ingli, 1 S. D. 155; Slattery v. Donnelly, 1 N. D. 264; R. R. Co. v. Healy, 30 C. C. A. 11-15, 86 Fed. 245; R. R. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. Rep. 905, 909; Lewis v. Prien, 98 Wis. 87, 73 N. W. 654; Jenkins v. R. R. Co., 47 S. W. 761 (Ky.); Richards v. R. R. Co., 49 S. W. 419 (Ky.); Thornton v. Perry, 31 S. E. 797 (Ga.).

When a witness is interested, although his evidence is positive, the case should go to the jury that they may pass upon his credibility. Sonentheil v. Brewing Co., 19 Sup. Ct. 233, 236.

A question decided upon appeal will be the law of the case and will not be considered on a second appeal. Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Bank v. Gilman, 3 S. D. 170; Lumber Co. v Mitchell, 4 S. D. 487, 57 N. W. 236.

*Edwin Van Cise,* for respondent.

It is the settled law of this state that when the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict if returned must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. Star Wagon Co. v. Matthiessen, 3 Dak. 233; Knapp v. Bank, 5 Dak. 378; Peet v. Insurance Co., 1 S. D. 462; Hangen v. Railway Co., 3 S. D. 394; McKeever v. Homestake Min. Co., 10 S. D. 599, 602.

The general doctrine is that a judgment rendered against one or more persons who are jointly liable with others, merges the entire

cause of action in all cases in which a plea in abatement for non-joinder would be sustained, and no further suit can be maintained either against the others severally or against all combined. This rule is applied to co-partnership obligations with the utmost strictness. 15 Am. & Eng. Enc. of Law, 344; 2 Black on Judgments, secs. 770, 776; Brady v. Reynolds, 13 Cal. 32; North et al. v. Mudge, 13 Ia. 496; Sloo v. Lee, 18 Ohio, 279; Robertson v. Smith et al., 18 Johns. 428; Henderson v. Reeves, 6 Blackf. 101; Barnett et al. v. Juday, 38 Ind. 86; Root et al. v. Dill et al., *Ibid* 169; Kennard v. Carter et al., 64 Ind. 31; Benson v. Paine et al., 17 How. Pr. 407; Olmsted v. Webster, 8 N. Y. 413; Suydam v. Barber et al., 18 N. Y. 468; Harrison v. McCormick et al., 69 Cal. 616; Keith Bros. v. Stiles et al., (Wis.) 64 N. W. Rep. 860.

The so-called joint debtor acts, in some of the states, do not change this rule unless they contain some specific provisions on the subject which are not found in ours. (Comp. Laws, Secs. 4901, 5240-44.) Bowen v. Hastings, 47 Wis. 232, 236; Lauer v. Bandow, 48 Wis. 638; Hill v. White, 52 Wis. 456.

And the constitutionality of this statute was questioned in Toy et al. v. Hawley, 39 Cal. 92; Davidson v. Knox et al., 67 Cal. 143.

In California it has been frequently held that on an appeal of one defendant the proper practice is to reverse as to him, leaving the judgment to stand as to other defendants, unless vacated by the plaintiff. Minturn v. Bayliss et al., 33 Cal. 129; Nichols v. Dunphy et al., 58 Cal. 605; Ricketts v. Richardson, 26 Cal. 149; Pfister v. Wade, 69 Cal. 133; Rutenberg v. Main et al., 47 Cal. 213.

And that a judgment may be entered against one or more defendants jointly charged and in favor of others is now settled law in code states. N. S. Boot & Shoe Co. v. Fox et al., 3 S. D. 540, 547; Brumskill v. James, 11 N. Y. 294; People v. Frisbie et al., 18 Cal. 402.

Only that part of the judgment or decree appealed from can be reviewed by the appellate court. Kelsey et al. v. Western, 2 N. Y. 500; Clowes et al. v. Dickinson et al., 8 Cow. 328; Sands et al. v. Codwise et al., 4 Johns. 536; Little et al. v. Court, 74 Cal. 219.

CORSON, J. From a judgment rendered upon a former trial in favor of the plaintiff and against the defendants the defendants appealed to this court, and the judgment of the circuit court was reversed, and the case remanded for a new trial. The opinion in that case is reported in 10 S. D. 466, 74 N. W. 199. A new trial was had resulting in a directed verdict in favor of the defendants at the close of all the evidence, and the present appeal is taken from the judgment and order denying a new trial. The question presented upon this appeal is, did the court err in directing a verdict in favor of the defendants?

The facts of the case are quite fully stated in the former opinion of this court, but, in order to a full understanding of the questions involved in this appeal, it may be proper to state that the moneys alleged to have been advanced by the bank to Fox, Guild, Bullock, and Stebbins were alleged to have been advanced to them as copartners in various enterprises under the various titles of the Philadelphia Coal Company, the Deadwood & Redwater Railroad & Survey Company, Bullock, Guild & Co., Guild, Bullock & Co., and the Belle Fourche Bridge Company. There were in fact corporations known as the Philadelphia Coal Company and the Deadwood & Redwater Railroad & Survey Company, in which the persons named had a controlling interest of the stock, but the Belle Fourche Bridge Company was not a corporation, and the name was assumed by the alleged co-partners in carrying on that enterprise. It would seem from the evidence that certain coal lands had been located

by various parties in the interest of the Philadelphia Coal Company, in Wyoming, near the Dakota state line. It also appears form the evidence that the Deadwood & Redwater Railroad & Survey Company was organized ostensibly for the purpose of transporting coal from the mines to Deadwood by way of a town site located at De-Mores, on the Belle Fourche river. During the time the moneys were advanced by the bank for the purpose of carrying on these enterprises, Fox, Guild, and Bullock were officers of these corporations. Stebbins seems to have held stock in one or more of the corporations, but was not an officer in any of them, and was a resident of New York City.

This action was instituted against the four persons named as co-partners, upon the theory that, notwithstanding the first three named were officers of the corporations, they procured the moneys from the bank as partners, anticipating a sale of the properties to eastern parties, from which they might reimburse themselves for the moneys so advanced by them in their partnership names. The contention of the defendant is that the moneys were advanced to Fox, Guild, and Bullock as officers of the corporations mentioned, and not to them as a co-partnership, and that the various firm names were used on the books of the bank merely as a matter of convenience, and to give the loans the appearance of being made to co-partnerships instead of the corporations, for varius reasons not necessary now to mention. The defendant further contends that, even if the moneys were in fact loaned to Fox, Guild, and Bullock under their various assumed partnership names, he was not connected in any manner with either of these co-partnerships, and is not, therefore, liable for the moneys so loaned. It will thus be seen that there arose upon the pleadings two questions proper for a jury to determine: (1) Were the moneys in fact loaned to the corporations, or

to the individuals as co-partners? (2) If not loaned to the corporations as such, but to Fox, Guild, and Bullock, was the defendant Stebbins a co-partner with them, and liable for the moneys so loaned?

That the loans and advances were made by the bank for the purpose of carrying on these various enterprises, and that they were used for that purpose, is not controverted by the defendant. Defendant Stebbins contends that upon both of these questions the evidence was insufficient to authorize a verdict against him. The principal witness on the part of the plaintiff bank was Alvin Fox, one of the defendants, against whom a judgment was entered, and who was cashier of the bank during the time the loans were alleged to have been made, and who, as such cashier, personally made the loans. His evidence had been taken at a former trial, and on the two later trials was read from the stenographer's notes, Mr. Fox having died after the first trial. The evidence is very voluminous, and no attempt will be made to set out any portion of it in detail. The evidence, however, tended to prove that Fox, Guild, and Bullock, obtained these moneys from the bank, and that Guild and Bullock had each a one-third interest in the enterprise, and Fox and Stebbins a one-third interest, Fox acting for himself and Stebbins; but whether the loans were made to these parties as individuals and co-partners or as officers of the two corporations named is not entirely clear. The question is therefore properly one for the jury to determine from all the evidence, and it seems to us that the court would not be authorized to say that it was not loaned to them as co-partners, or that Stebbins was not connected with Fox in those enterprises.

The motion to direct a verdict, as before stated, was made at the close of all the evidence, and, while it is true that Stebbins denies absolutely in his testimony that he had any interest with Fox

in these enterprises, other than his interest as a stockholder in the corporations, still the question as to whether or not the jury would take his statements as true as against those of Mr. Fox was a matter entirely for them, and not for the court. The question as to whether or not the court was justified in directing a verdict for the defendant must be determined upon the evidence of the plaintiff alone, except so far as the evidence of the defendant may tend to support the plaintiff's case. To authorize the court to direct a verdict for either party, the evidence of the opposite party must be considered as undisputed, and it must be given the most favorable construction for him that it will properly bear, and he must have the benefit of all reasonable inferences arising from his testimony. The rule is thus stated by the United States court of appeals for this circuit: "Where the facts are not controverted, and where the inference to be drawn from them is certain, necessary, and undisputed, or where there is no evidence tending to establish a necessary element in the case, the trial court may peremtorially direct what verdict should be given; but where, in any case, it is a matter of judgment and discretion, of sound inference, what is the deduction to be drawn from even undisputed facts, where different men, equally sensible and equally impartial, would make different inferences, the law commits such a case to the decision of the jury, under instructions from the court." Railway Co. v. Healy, 86 Fed. 245, 30 C. C. A. 11; Pirie v. Gillitt, 2 N. D. 255, 50 N. W. 710; Warder, Bushnell & Glessner Co. v. Ingli, 1 S. D. 155, 46 N. W. 181; Bates v. Railroad Co., 4 S. D. 394, 57 N. W. 72; Slattery v. Donnelly, 1 N. D. 264, 47 N. W. 375.

Upon a careful examination of the evidence on the part of the plaintiff, we are of the opinion that from the evidence, uncontradicted, the jury might have found that the moneys were loaned

to a firm or firms of which the defendant was a silent partner; in other words, the court cannot say absolutely from this evidence that the moneys were not loaned to the defendants Fox, Guild and Bullock as co-partners; neither can it say that there was no evidence from which the jury might find that Stebbins was a partner of Bullock and Fox in making the loans, and consequently liable with them therefor.

It is contended on the part of the respondent that, with a judgment in force as against Bullock and the estate of Fox, no right of action remained against Stebbins, and for this reason the verdict was properly directed. Respondent further contends that the judgment entered by default against`Bullock and the estate of Fox remained unreversed on the former appeal of Stebbins, for the reason that neither Bullock nor the estate of Fox took an appeal from the judgment entered against them. Undoubtedly the appellant is right in the last contention. The court only intended to reverse the judgment as to Stebbins, and grant a new trial as to him, as no appeal had been taken by Bullock or the estate of Fox, and the court had no jurisdiction to reverse the judgment or grant a new trial as to them. But it does not follow that the right to judgment as against Stebbins was taken away by reason of the fact that the judgment remained in full force and effect against Bullock and the estate of Fox. The code of this state has made a radical change in the common-law rule as to the manner of entering judgment for and against parties to the action. Section 5096, Comp. Laws, provides: "(1) Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and the court may determine the ultimate rights of the parties on each side as between themselves. * * * (3) In an action against several defendants, the court may, in its discretion, render judgment

against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." Under the provisions of this section a judgment may be entered by default against one or more defendants charged as partners, and the case proceed to trial as to other defendants joined as partners.

It is urged on the part of the respondent, and he cites a number of cases in support of his contention, that in an action all the co-partners must be made defendants, and where such is not the case, no action can be maintained subsequently against the partner not so made a defendant. But we do not deem it necessary to consider that question in this appeal, as all the parties claimed to be partners in the transaction were made parties to the action. The fact, therefore, that judgment was rendered in favor of Guild, one of the defendants, and against Bullock and the estate of Fox, does not prevent the plaintiff from proceeding against the other defendant, Stebbins. We are of the opinion, therefore, that the contention of the counsel that, by reason of the judgment against Bullock and the estate of Fox, no judgment can be had against Stebbins, is untenable.

It is contended on the part of the respondent that this court on the former appeal, in which the evidence was substantially the same as that presented in the present record, so far as it supports the plaintiff's case, held that a verdict should have been directed in favor of the defendants; but we do not so understand the opinion. Undoubtedly that was the view of the judge who wrote the opinion, but that view was not concurred in by the other judges, as is quite apparent from the concurring opinion of Judge HANEY, and the dissent of CORSON, J.

The respondent further insists that it is the duty of this court to review all the evidence in the case, both on the part of the plain-

tiff and the defendants, and, if it is satisfied therefrom that the court ruled correctly in directing a verdict in favor of Stebbins, the judgment of the court below should be affirmed. But such a rule cannot be applied to this class of cases. It is true that a trial court may, upon a motion for a new trial, in the exercise of its judicial discretion, grant such motion if it is satisfied that the verdict is clearly against the weight of evidence; but in the exercise of such power the court can only grant a new trial, or, in other words, resubmit the case to another jury. It cannot dispose of the case by dismissing the action, or otherwise entering a final judgment. But, as before stated, on a motion to direct a verdict, a trial court cannot weigh the evidence, or take into consideration the evidence on the part of the defendant, except so far as the same may support the case of the moving party, and this court can only determine the correctness of the ruling of the court below in the same manner. We have not deemed it proper, therefore, to review, on this appeal, the evidence on the part of the defendants, as the same could not properly have been considered by the trial court on the motion to direct the verdict, except for the purpose before stated. The question of the weight of the evidence was for the jury, and not for the court. These observations lead to the conclusion that the court erred in directing a verdict for the defendants.

The judgment of the circuit court and the order denying a new trial are reversed as to the defendant Stebbins, and the case is remanded for a new trial as to him.

FULLER, P. J., dissenting.