## ERNSTER v. CHRISTIANSON.

Where it was admitted that plaintiff's deed, containing an alleged alteration in the name of the grantee, was in its altered condition when delivered to plaintiff, and it was not claimed that any alteration was made by him, or with his knowledge or consent, it would be presumed that the alteration was made before delivery of the deed, and hence plaintiff was not bound to explain the same as a condition precedent to its admission in evidence.

In determining defendant's motion for a directed verdict, plaintiff will be accorded the benefit of all reasonable inferences arising from the evidence, which will be construed most favorably for the plaintiff and as though uncontradicted.

Where defendant and his broker represented to plaintiff that land sold to plaintiff at a stated amount per acre contained 152 acres, and plaintiff paid for the land on that basis, and it turned out that it contained only 108 acres, plaintiff was entitled to recover the difference in the consideration.

Where a copy of a deed annexed to a complaint purported to have been executed to plaintiff and gave defendant full information as to plaintiff's claim that defendant conveyed the land to him, defendant was not entitled to a new trial for surprise on the theory that he conveyed the land to another, and that the deed had been altered by inserting plaintiff's name as grantee.

Where defendant had testified on the issue as to whether he had executed a deed in controversy to plaintiff or to another, and that the deed had been altered by inserting plaintiff's name as grantee, alleged newly discovered evidence that the original deed was not in fact executed to plaintiff was cumulative, and not ground for a new trial.

A new trial for newly discovered evidence will not be granted, in the absence of a showing of diligence.

Where facts proposed to be set out in a supplemental answer could have been interposed as a defense or counterclaim in the action, it was not an abuse of discretion to deny defendant's motion for leave to file a supplemental answer.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by Michael Ernster against Nels Peter Christianson. Judgment for plaintiff, and defendant appeals. Affirmed.

*G. R. Krause,* for appellant. *Taubman, Williamson & Herreid,* for respondent.

CORSON, J. This case comes before us on appeal by the defendant from a judgment entered upon a directed verdict in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover the sum of $990, with interest from July 21, 1899, and the complaint, as amended on the trial states plaintiff's cause of action substantially as follows: "That one the 21st day of July, A. D. 1899, the defendant made, executed, and delivered to the plaintiff a certain deed in writing, whereby he conveyed to the plaintiff the following de-

scribed real propery situated in the county of Minnehaha, * * * and in and by said deed he covenanted and agreed to and with the plaintiff, his heirs and assigns, that said premises contained 152 acres." The plaintiff further alleges: That, at and prior to the execution and delivery of the deed mentioned in paragraph No. 1 of the first cause of action herein, the defendant was the owner of the land and premises described therein and solicited the plaintiff to purchase the same at and for the agreed price of $22.50 per acre, and then and there falsely represented to the plaintiff that the said premises contained 152 acres of land; that the plaintiff believed in and relied upon said representations so made by the defendant, and believed that the said premises did actually contain 152 acres, as represented by the defendant, and as set forth in the deed, and was thereby induced to and did purchase said premises of and from the said defendant at the price per acre aforesaid; that on or about said day said defendant made, executed, and delivered to the plaintiff a warranty deed of said premises, a copy of which is hereunto annexed, and the plaintiff paid said defendant for said premises the sum of $3,420; that at the time defendant made said representations, and executed and delivered said deed, he well knew the representations so made by him and the statemnts contained in said deed in regard to the number of acres of land conveyed thereby to be false, and made the same with intent to deceive, defraud, and cheat the plaintiff; that the said premises contained only 108 acres, instead of 152 acres, as represented by said defendant, to the damage of the plaintiff in the sum of $990. Wherefore plaintiff demands judgment for the said sum, with interest at the rate of 7 per cent. per annum, and for costs of the action. Attached to said complaint was a typewritten paper, marked "Exhibit A," which is a copy of the deed referred to in the complaint. The defendant in its answer to the foregoing complaint denied each and every allegation contained therein.

On the trial it was admitted by the defendant that, some time prior to the sale and conveyance by him of the property in controversy, he listed the same for sale at Dell Rapids with one J. A. Cooley. Evidence was then introduced on the part of the plaintiff tending to prove: That in June, 1899, the plaintiff and one

Peter Threinen and other parties from Iowa were shown the land in controversy by Mr. Cooley, and that he represented to them that there were 152 acres in the tract, which the defendant would sell at the price of $22.50 per acre; that the plaintiff did not conclude to purchase the land at that time, but returned to Iowa, and subsequently wrote to Cooley and Kenefick, who seem to have been partners, that he would take the land at the price specified that soon thereafter he received the deed executed by the defendant and his wife, and remitted to the bank of which Mr. Kenefick was the cashier in Dell Rapids a draft for $3,420 in payment for the same; that in September of that year he commenced work upon the land, and in the February following he moved to this state, and the possession of the land was delivered to him by the defendant; that subsequently he learned that the tracts of land conveyed to him by the deed did not contain 152 acres; that he thereupon had conversations with the defendant in regard to the number of acres contained, and requested the defendant to settle with him for the difference, which he refused to do; that thereafter he ascertained, by a survey made by the county surveyors, that there were only 108 acres in the tracts of land conveyed to him, and thereupon he commenced this action to recover the price paid for 44 acres, the shortage in the amount of land which the defendant had assumed to convey to him, and which had been represented to him by said Cooley, the agent of the defendent. Peter Threinen, witness on the part of the plaintiff, testified that he had a conversation with the defendant about the quantity of land Mr. Ernster had purchased of him, and that the defendant stated to him he had sold to Mr. Ernster about 130 acres. He corroborated Mr. Ernster's statement that Mr. Cooley represented there were 152 acres in the tract. In his cross-examination he stated he was out with the plaintiff and Mr. Cooley to buy land, and that Cooley showed them defendant's land. Defendant in his own behalf testified, in substance: That about July, 1899, he employed Mr. Cooley to find a purchaser for his farm; that Cooley found a purchaser, one Peter Threinen; that he afterwards executed a deed to said Threinen for the propery and left it at the bank in Dell Rapids of which Kenefick was cashier, to be de-

livered upon payment of the price; that he never consented to the
erasure of Threinen's name and the substitution of the name of
the plaintiff; that he did not know personally either Ernster or
Threinen; that he never saw the deed afterwards until he saw it at
the trial.

No further evidence was introduced on the part of the de-
fendant, and the plaintiff thereupon moved the court to direct a
verdict in his favor for the said sum of $990, with interest, for
the reason that the uncontradicted evidence in the case showed
that the defendant sold and delivered the real estate in controversy
to the plaintiff, and represented by the deed and by his agent that
it contained 152 acres, and that the plaintiff, relying upon this
statement, purchased the land at $22.50 per acre, and paid the
purchase price therefor, and that the uncontradicted evidence
shows that the tracts of land only contained 108 acres. Thereupon
the defendant. by his counsel moved the court to direct a verdict
in his favor, for the reason that it conclusively appears from all the
evidence in the case that the defendant had no contractual rela-
tions with, and that no privity of contract existed between the
plaintiff and the defendant, and that it appears from the evidence
that the tracts of land described in the complaint were sold and
conveyed by deed to Peter Threinen, and he, if any one, is the
person to complain of any shortage that may exist in the tracts
of land conveyed to him. The motion of the plaintiff was granted
and the motion of the defendant denied, and the jury directed to
return a verdict in favor of the plaintiff for the amount claimed,
to which the defendant duly excepted. At the time the plaintiff
offered in evidence the deed executed by the defendant and wife,
it was objected to on the ground that there appeared upon the
face of the deed alterations made therein, which had not been ac-
counted for by the plaintiff. It is stated in the abstract that in the
line for the name of the grantee in the body of the deed appeared
the indication of an erasure by scratching and scraping with a
steel eraser or penknife, and the name "Michael Ernste" had been
typewritten above the space so scratched or scraped and a pen
stroke was drawn through the same, and the name "Michael
Ernster" inserted with pen and ink on the same line immediately

following said scratched space, and that a similar erasure had been made on the outside title fold of said deed, and the name of "Michael Ernste" inserted.

It seems to be conceded by the defendant that the deed, in the condition it now appears, was received by the plaintiff, and it is not claimed that any alteration was made by him or with his knowledge or consent, and hence we must presume that this erasure was made in the deed before its delivery to the plaintiff, and the court committed no error in overruling the motion. On a motion made by the defendant for a directed verdict, the court below and this court will assume the evidence of the plaintiff to be undisputed, and give it the most favorable construction for the plaintiff that it will properly bear, and give to the plaintiff the benefit of all reasonable inference arising therefrom. Bohl v. City of Dell Rapids, 15 S. D. 619, 91 N. W. 315; Marshall v. Harney Peak Tin Mfg. Co., 1 S. D. 350, 47 N. W. 290; Merchants' Nat. Bank v. Stebbins, 15 S. D. 280, 89 N. W. 674; Sanford v. Duluth & D. Elevator Co., 2 N. D. 10, 48 N. W. 434. Taking this view of the evidence on the part of the plaintiff, the court was clearly right in directing a verdict in his favor. It was clearly established by the evidence: That the false representations alleged in the complaint as to the number of acres contained in the tracts of land conveyed were made by the defendant's agent, and by the defendant himself, in his deed to the property; that the plaintiff received the deed in the same condition in which it now appears, and has made no change or alteration therein himself, or consented to the making of any, by any person; that he paid the price for 152 acres, amounting to $3,420; that there was in fact but 108 acres in the tracts. Conceding these facts to be true, the plaintiff was entitled to recover the difference between 152 acres, which the tracts were represented to contain, and the 108 acres, which they actually contained, amounting to the sum of $990. We are of the opinion, upon an inspection of the original deed, that the court would have been clearly justified in taking the view that the erasure shown by the deed was simply of the name of Michael Ernste typewritten in and inserting the name of Michael Ernster, the true name of the plaintiff, and that the defendant was

mistaken in stating that the deed was originally made to Threinen, and the motion made by the defendant for a direction of a verdict in his favor virtually conceded that the evidence clearly established the fact that the land as claimed by the plaintiff was purchased by him, the money paid by him, and the deed in fact executed to him, and not to Threinen, as claimed by the defendant, and that therefore the mere erasure of the name of Michael Ernste and inserting the true name of the plaintiff, Michael Ernster, constituted no material alteration in the deed requiring any explanation on the part of the plaintiff.

The defendant gave notice of a motion for a new trial upon the ground, among others, of newly discovered evidence. The motion was supported by affidavits tending to prove that the original deed was in fact executed to Threinen, and not to the plaintiff, and the defendants' claim, as well as that of his counsel, that they were surprised on the trial by the introduction of the deed purporting to have been executed to the plaintiff. The court denied the motion, and we think correctly, for several reasons: (1) The complaint having been served with a copy of the deed annexed thereto and made a part thereof, which purported to be executed to the plaintiff, gave the defendant full information as to the plaintiff's claim, and if the defendant intended to deny that the deed was executed to the plaintiff, and insist that an alteration therein had been made by substituting the name of the plaintiff for that of Threinen, he should have been prepared at the trial, with his evidence upon that question, and we are unable to see how the defendant could have been surprised at the trial, after the very full pleading on the part of the plaintiff, as to the claim made by him. (2) The evidence claimed to be newly discovered was simply cumulative, as the defendant himself had testified, and had been fully examined upon the issue presented, and it seems to be a well-settled rule that a new trial will not be granted on the ground of newly discovered evidence which is merely cumulative, and which only tends to corroborate the testimony already given at the trial. (3) There was no proof of diligence on the part of the defendant in obtaining the evidence in the case which would entitle him to a new trial.

The defendant also made a motion for leave to file a supplemental answer, which was denied by the court. Such an application was addressed to the sound judicial discretion of the court, and, unless there was an abuse of such discretion, this court will not reverse the ruling of the trial court. The facts proposed to be set out in the supplemental answer could have been interposed as a defense to the action, and as a counter-claim therein, and we are of the opinion there was no abuse of its discretion by the trial court in denying the motion.

We are therefore of the opinion that the judgment of the court below and the motion denying a new trial should be affirmed, and it is so ordered.

WHITING, J. (dissenting). From an examination of the complaint, it will be seen that the plaintiff pleaded damages from breach of covenant as to amount of land, and also damages from deceit and false representation. On motion the first cause of action was stricken out, and the only question before us is the proof of damages arising from fraud and deceit. The evidence shows that defendant's agent represented the land to contain 160 acres; but there is absolutely no evidence to show that such agent knew of the falsity of this statement, nor is there anything in the case from which it could be found that such statement was made in bad faith or recklessly. Therefore there is no fraud upon the part of the agent upon which plaintiff could base his action. There is no evidence to show that defendant knew of, or authorized, the statement made by the agent, and the only attempt to show representations by the principal is by the contents of the deed given by him. We contend that while the giving of the deed might bind the grantor upon the covenant therein, although he had signed the deed without reading the same, yet, to hold him for deceit or fraud, there would need be some evidence to show, not only that he knew the contents of the deed, but that he was using the statement therein for fraudulent purposes knowing of this falsity, and also that such fraudulent purpose was directed toward the plaintiff, or, if not originally directed toward plaintiff, that, at the time the plaintiff finally acted thereon, the defendant knew or had reason to believe that he was acting, relying upon

such false statement.   This case seems to me ·lacking in this respect.

Justice CORSON states that an examination of the deed would, in his opinion, justify the court in believing that it was originally made to Michael Ernster, and that the alteration therein was therefore immaterial.   With this we cannot agree. We have examined the deed carefully, with the assistance of a magnifying class, and are satisfied that there was written in the deed with a typewriter some name consisting of two words; the first word having five letters therein, and the second word having eight · letters therein.   It will ·be noted that these numbers agree with the number of letters in the name of Peter Threinen, the party who, defendant claims, was grantee in his deed.   We therefore think the deed could not properly have been received to prove the contract between plaintiff and defendant without proof explaining the alterations, and that it was not competent evidence, either to show any direct fraud on the part of defendant in his dealings with plaintiff, or to show that defendant knew of any false statements made by his agent; and certainly it was not sufficient evidence to show that defendant was cognizant of or a party to any fraud on the part of the agent, even if there was any evidence to show any fraud on the part of such agent.

McCOY, J., taking no part in the decision.