[Civ. No. 2120.   Second Appellate District.—February 7, 1918.]

WILLIAM M. CURRAN, Respondent, v. MRS. LYDIA A. WILSON, Appellant.

ACTION ON PROMISSORY NOTE—INDORSEMENT BY CORPORATION PAYEE—INSUFFICIENCY OF EVIDENCE.—In an action on a promissory note payable to a corporation and containing several indorsements, it is first essential for the plaintiff to prove, the indorsements being denied, the indorsement of the payee, and such proof is not made by an indorsement made pursuant to a written instrument purporting to have been executed by the corporation authorizing its general manager to receive notes and indorse and discount the same, where neither the instrument nor the signatures attached thereto were identified in any way.

ID.—EVIDENCE—DEPOSITION OF WITNESS.—In an action on an indorsed note, the deposition of the party to whom the note was transferred by the payee, showing the regularity of the transfer of the note to him, is inadmissible where he was not a party to the action, and no

showing made as to the existence of any of the conditions set forth in section 2021 of the Code of Civil Procedure.

ID.—BONA FIDE HOLDER OF NOTE—BURDEN OF PROOF.—In an action on an indorsed note alleged to have been received before maturity and for a valuable consideration, it is incumbent upon the plaintiff to show that he thus acquired the note, before the defense of fraud in the obtaining of the note by the payee can be shut off.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley A. Smith, Judge Presiding.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Victor T. Watkins, for Appellant.

Hocker & Austin, for Respondent.

JAMES, J.—Appeal from a judgment entered against the defendant. The action was upon a promissory note the text of which is set out in the complaint as follows:

"$500.00.                    Pomona, Cal., March 1st, 1915.

"Sixty days after date, (without grace) I promise to pay to the order of Silent Engine Co. five hundred dollars for value received with interest at 7 per cent per annum from Mch. 1st. 1915, until paid both principal and interest payable only in United States gold coin.

"Payable at First National Bank, Pomona, Cal.

"MRS. LYDIA A. WILSON.

"No. ——.   Due ——.

"(Indorsements on back.)' Silent Engine Co. Bradford Stein, Gen. Mgr. T. Carter Doremus."

It was further alleged in the complaint that before maturity, for a valuable consideration, the note was indorsed and delivered to Doremus, who thereafter, before maturity and for a valuable consideration, indorsed the same to the National Surety Company. It was then alleged "that thereafter said note was transferred and delivered by said National Surety Company to the plaintiff herein." A sufficient allegation of nonpayment appears in the complaint. In the answer the defendant made denial of the allegations as to the indorsements made on the note and the transfer thereof, in the following form: "Alleges that she has no information or

36 Cal. App.—14

belief sufficient to answer the allegations of the second paragraph thereof and for want of such information and belief, or either, and upon that ground denies that before maturity or for a valuable consideration, or at all, said note was indorsed, or at all delivered to T. Carter Doremus, or that thereafter or before maturity, or for a valuable consideration, or at all, said note was indorsed or delivered by said T. Carter Doremus to the National Surety Company, or that thereafter or at all said note was transferred or delivered by said National Surety Company to the plaintiff herein.'' A special defense was set up by the defendant showing fraud in the obtaining of the note by the payee, and praying that judgment be denied to the plaintiff. Plaintiff offered the note, with the indorsements made thereon, in evidence, to which objection was made and overruled. Without calling a witness, a written document was then offered and received by the court, which purported to have been executed by the corporation payee of the note by its president and secretary, with corporate seal attached. Objection was made to the reception of this document and this objection was also overruled. The plaintiff thereupon offered in evidence the deposition of Doremus, wherein Doremus gave testimony showing that he sold to the payee of the note, fifteen days after its date, an automobile, and took as part payment the note in suit. He further testified that he assigned the note later to the National Surety Company in payment of a debt owing to the corporation by his mother. Objection was made to the introduction of the deposition and to particular parts thereof. The general objection was first made that the deposition was not admissible for the reason that it was not shown that the attendance of Doremus as a witness at the trial could not be secured. This objection was overruled. Plaintiff having rested his case, defendant was called to the witness-stand, and counsel sought to elicit from her the details of the transaction in which the note was given as sustaining the special defense made by the answer. This testimony was objected to on the ground that it had been shown that Doremus had obtained the note before maturity for value and without knowledge of the transaction involved in the making of the note. The objection was sustained. The court thereupon ordered judgment in favor of the plaintiff.

It will be noted that there was no testimony showing any indorsement to have been made by the National Surety Company to the plaintiff herein, and that the allegation of the complaint was merely that the note had been transferred and delivered by that Surety Company to the plaintiff. In our opinion, it was first essential for the plaintiff to prove the indorsement of the payee. The indorsement appeared in the terms set out above, and the first evidence tending to establish the authenticity of that indorsement was the written document referred to hereinbefore purporting to have been executed by the Silent Engine Company, and which purported to authorize Stein to "receive moneys, notes, checks and indorse and discount same; to take subscriptions for stock, make contracts and issue evidences of indebtedness." This document was not, nor were the signatures attached thereto, identified in any way by the testimony of any witness and, under the objection made by the defendant, we think was inadmissible. The case of *Burnett* v. *Lyford*, 93 Cal. 114, [28 Pac. 855], shows a case different on the facts; the court there declaring only that where no objection was made, the seal of the corporation affixed with the signatures would *prima facie* be proof of the regularity of the execution of the document. Neither was there evidence showing that Stein was the general manager of the payee of the note. But it is said that in the testimony given by deposition Doremus furnished evidence showing the regularity of the transfer by the payee of the note to him. Doremus was not a party to the action. His deposition was not admissible unless some showing was made as to the existence of conditions set forth in section 2021 of the Code of Civil Procedure. The witness in his answers showed that at the time of making the note he was a resident of Los Angeles, and gave no testimony showing that any change of residence had been made afterward. As we have noted, there was no testimony showing facts regarding the transfer of the note from the National Surety Company to this plaintiff and no indorsement made by the Surety Company appeared upon the note. If we were to assume, without proof, that the indorsements of the payee corporation and Doremus were regularly made, it might perhaps be further presumed that by the production of the note from the hands of the plaintiff, ownership would be implied. Plaintiff, however, assumed, and we think rightly, that it was

essential to his case to show the indorsement of the note by the payee; but he failed to furnish the court with competent evidence to establish the fact. We may add further that, while it has been held that the effect of an indorsement in blank is to make the note payable, not as to an indorsee strictly, but as to bearer (*Eames* v. *Crosier*, 101 Cal. 260, [35 Pac. 873]), we do not believe that the presumption can be invoked in favor of this plaintiff that he acquired the note in such a manner as to free it from equities existing in favor of the defendant. We are of the opinion that it was incumbent upon the plaintiff to show that he acquired the note for value before maturity, before the right of the defendant to urge her special defense of fraud would be cut off.

The judgment is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 8, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1918.