STATE BANK OF ALCESTER, Respondent, v. WEEKS, Appellant.

(189 N. W. 941.)

(File No. 4985.   Opinion filed September 29, 1922.)

1.   Negotiable Instruments—Endorsement by Payee Corporation by "Agent," Necessity of Showing Written Authority—Rule Under Statute.

The negotiation by endorsement, of commercial paper, when

made by one other than its owner, requires that the one making the endorsement have authority from owner to endorse, and party asserting ownership by virtue of the endorsement has burden of proving such authority, and endorsement of commercial paper, being an act that must be done in writing, the authority to perform it must be conferred by written authority; construing Sec. 1723, Code 1919.

2. **Negotiable Instruments—Agents—Endorsement by Corporation Payee by "Agent," Corporation Treasurer's Statement by Letter Re Agent's Authority, Insufficiency Of.**

The statement by the treasurer of a payee corporation, that C, who had endorsed the note in payee's name, purporting to act as agent,—that he was authorized to endorse the corporation's notes without recourse, did not confer authority upon C to endorse the note in suit; it being merely an unsworn statement that C and other stock salesman had such authority, and is incompetent to prove such authority.

Gates, P. J., not sitting.

Appeal from Circuit Court, Turner County. Hon. John T. Medin, Judge.

Action by the State Bank of Alcester, a corporation, against Henry Weeks, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Bogue & Bogue,* and *A. B. Carlson,* for Appellant.

*Snell & Randall,* and *Caldwell & Caldwell,* for Respondent.

POLLEY, J. Plaintiff recovered judgment on a promissory note, and defendant appeals.

The defense is that the note was procured by fraud, want of consideration, and failure to prove title. Plaintiff admits the note was obtained from defendant by false and fraudulent representations; but plaintiff is an indorsee of the note, and claims that it is entitled to recover as a "holder in due course." Defendant contends, among other defenses, that it does not appear from the note itself, nor from any evidence in the record, that the note was indorsed by a person having authority so to do, and that the note is subject to the same defenses in the hands of plaintiff that it was in the hands of the original payee. The note on its face is payable to the Midland Packing Company and the indorsement on the back thereof is as follows:

"Midland Packing Company, without recourse on us.    Per Wm. M. Colby. Agt."

For the purpose of showing that Wm. M. Colby had author-ity to indorse promissory notes belonging to the Midland Packing Company, plaintiff offered, and, over defendants' objection, the court received in evidence, the following letter:

"State Bank of Alcester, Alcester, South Dakota—Gentlemen: Pursuant to your request, we are pleased to advise you that Wm. M. Colby and C. E. Lohman, have authority to indorse notes, by signing, 'Midland Packing Company, without recourse,' upon notes made payable to Midland Packing Company, for drafts, certificates of deposit, or checks made payable to Midland Pack-ing Company.  All agents engaged in the sale of stock are so authorized; but, if it is your desire, we are glad to give you this information for your records.  But I desire to call you attention to the fact that their authority is limited to that described herein. Midland Packing Company, C. H. Burlingame, Treasurer."

Defendant contends that this letter does not of itself author-ize Colby to indorse the note, and that it does not prove that such authority exists from any other source.  It is not disputed that Burlingame is the treasurer of the Midland Packing Company, and it is the contention of the respondent that as such treasurer he had authority to indorse the notes of the company and to delegate such authority to others.  But this is not the question to be determined.  The question is:  Had such authority been con-ferred on Colby?

[1, 2]  Title to commercial paper passes by indorsement, and, when the indorsement is made by one other than the owner, it is necessary to show that the one making such indorsement had authority from the owner to indorse the same, and the party asserting ownership by virtue of such indorsement has the burden of proving such authority.  2 C. J. 636; Scotland County Bank v. Hohn, 146 Mo. App. 699, 125 S. W. 539; Bank v. McFarland (Utah), 195 Pac. 313; Curran v. Wilson, 36 Cal. App. 208, 171 Pac. 817; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Spicer v. Smith, 23 Mich. 96. And, the indorsement of commercial paper being an act that must be done in writing, the authority to per-form such act must be conferred by written authority.  Section 1723, Rev. Code 1919.  Under this rule the plaintiff failed to

prove authority in Colby to indorse the note. The letter written by Burlingame does not confer upon Colby authority to indorse notes. It does not purport to confer such authority. It is merely an unsworn statement by Burlingame that Colby and other stock salesmen had such authority, and is not competent to prove any fact in issue in the case.

The judgment and order appealed from are reversed.

GATES, P. J., not sitting.