STATE BANK OF ALCESTER, Respondent, v. WEEKS, Appellant.

(190 N. W. 806.)

(File No. 4985.    Opinion filed November 28, 1922.)

**Principal and Agent—Bills and Notes—Ratification—Authority of Indorser's Alleged Agent Can Be Established Only by Writing**

> Under Rev. Code 1919, Sec. 1723, providing that "the signature of any party may be made by an agent duly authorized in writing," authority of alleged agent of alleged indorser to indorse note could not be proved by acts of ratification on the part of alleged indorser, since proof of agency under such statute was required to be in writing.

Appeal from Circuit Court, Turner County; Hon. L. L. FLEEGER, Judge.

On petition for rehearing.  Petition denied.

For former opinion, see 45 S. D. 639, 189 N. W. 941.

*Bogue & Bogue,* of Parker, and *A. B. Carlson,* of Canton, for Appellant.

*Caldwell & Caldwell,* of Sioux Falls, for Respondent.

*Boyce, Warren & Fairbank, Sioux K. Grigsby,* and *Davis, Lyon & Bradford,* all of Sioux Falls, amici curiae.

GATES, P. J. This cause is before us on petition for rehearing. The opinion of the court appears in 45 S. D. 639, 189 N. W. 941. Applications have also been made by other attorneys for leave to file briefs as amici curiae.

The chief ground upon which a rehearing is asked is stated in respondent's brief as follows:

"We contend that, since the Midland Packing Company had received the proceeds paid by the bank for the note, and since the Midland Packing Company was not questioning Colby's authority to indorse that the question could not be raised by the defendant in this action, and that these facts rendered the indorsement sufficient to make the bank a holder of the note in due course."

In other words, it is the contention of the petitioner that proof of agency may be shown by acts of ratification by the principal. At common law and under the Negotiable Instruments Act, as adopted by most of the states, the contention would be good.

Section 19 of said act as elsewhere adopted, reads (italics ours) :

"The signature of any party may be made by *a duly authorized agent*. No particular form of appointment is necessary for this purpose; *and the authority of the agent may be established as in other cases of agency.*"

But our Legislature refused to adopt that section in the above form, and instead adopted the following, namely, section 1723, Rev. Code 1919:

"The signature of any party may be made by *an agent duly authorized in writing.* No particular form of *written* appointment is necessary for this purpose."

We therefore believe that under the law of this state the proof of agency in this case was required to be in writing, and that the opinion heretofore filed correctly states the law of the case. It appears that the Legislature of the state of Kentucky made the change in this section that was made by the Legislature of this state. In Finley v. Smith, 165 Ky. 445, 177 S. W. 262, L. R. A. 1915F, 777, the Kentucky court, in considering the question that is now before us, said:

"But, for some cause, section 19 as it now appears was adopted in place of the section that was in the proposed law. The reason for adopting the section that now appears in the law in place of the proposed section is not known, but that the present section is radically different in its meaning and effect from the proposed section is manifest. The section as proposed simply contained the declaration in statutory form of an old and well-rec-

ognized principle in the law of agency generally, as well as in the law of agency as applied to commercial paper, while the section as amended prescribes that the authority of the agent must be in writing. If the signature of a party to a negotiable note could be made by a duly authorized agent as permitted by the proposed section, the fact that he was duly authorized might be shown by parol evidence and by such facts and circumstances as would constitute the maker of the signature the authorized agent of the person whose signature it purported to be. It would not be necessary that the person making the signature should have been authorized in writing to make it. The Legislature, however, in the adoption of this law thought proper to provide in section 19 that the signature of any party to a negotiable note 'may be made by an agent duly authorized in writing,' and we think that in making this change in the proposed law the Legislature must have intended that the signature of a party could not be made by an agent unless the agent had been duly authorized in writing, or else there would have been no reason for making the change. The mere fact that the change indicated was made furnishes in itself convincing evidence of the legislative intent that the signature of a party could not be made by an agent unless the agent was duly authorized in writing. The argument is made that the use of the word 'may' shows that it was not intended that written authority should be indispensable, and that if the Legislature had intended to confine this power to an agent who was authorized in writing, the word 'must' or the word 'shall' in place of the word 'may' would have been used. We do not, however, find the reasoning urged in support of this construction satisfactory or convincing. On the contrary, we think that when the Legislature made the change indicated in the proposed law the purpose was to limit the power to an agent duly authorized in writing, and that the section is not fairly or reasonably susceptible of any other construction. It may not have been a wise change to have made. It may, in some instances, work harm and injustice in the administration of the law, but if so, the remedy is with the Legislature and not the courts."

The petition for a rehearing will be denied, and the petitions of other counsel for leave to appear as amici curiae will be denied.

Note—Reported in 190 N. W. 806. See American Key-Numbered Digest, Principal and Agent, Key-No. 12, 2 C. J. Sec. 53, 21 R. C. L. 870.

As to power of agents to endorse negotiable paper, see note 27 L. R. A. 401.

On question of authority of agent to transfer commercial paper, see note 12 A. L. R. 111.