FIRST NATIONAL BANK OF VERMILLION, Respondent, v. MONTGOMERY, Appellant.

(196 N. W. 95.)

(File No. 5152. Opinion filed December 8, 1923.)

1. **Principal and Agent—Evidence—Burden of Proof—Negotiable Instruments—Burden on Indorsee of Proving Authority of One Indorsing Payee's Name.**

    One claiming a note through indorsement of the payee's name by another has the burden of proving the other's authority.

2. **Principal and Agent—Negotiable Instruments—Writing Necessary to Give Authority to Sign Principal's Name.**

    Under Rev. Code 1919, Sec. 1723, authority of an agent to make the signature of a party to a negotiable instrument can be given only in writing.

3. **Principal and Agent—Negotiable Instruments—General Indorsement Not Within Authority to Indorse Without Recourse.**

    General indorsement of note by agent is not within any authority to indorse it without recourse.

4. **Principal and Agent—Evidence—Letter of Principal Held Not Authority in Writing.**

7—Vol. 47, S. D.

Letter of principal, not purporting to confer authority but merely stating that the recipient has authority, is not proof of the necessary authority in writing to sign the principal's name as indorser to negotiable instruments.

Appeal from Circuit Court, Jerauld County; Hon. Frank B. Smith, Judge.

Petition by the First National Bank of Vermillion against Robert Montgomery. Judgment for plaintiff, and defendant appeals. Reversed.

*Charles R. Hatch,* of Wessington Springs, and *T. J. Spangler,* of Mitchell, for Appellant.

*C. C. Gleim,* of Wessington Springs, and *Null & Royhl,* of Huron, for Respondent.

Appellant cited: Laundaner v. Sioux Falls Imp. Co., 10 S. D. 205, Id. 574; Union Natl. Bank v. Mailloux, 27 S. D. 542, 132 N. W. 168; 18 A. L. R. 18; Pierson v. Huntington, 29 L. R. A. (N. S.) 695; Rev. Code 1919, Sec. 1763; Bank v. Wade, 35 L. R. A. (N. S.) 775; 27 Okla. 102, 111 Pac. 205; Aukland v. Arnold, 131 Wis. 64.

POLLEY, J. Plaintiff recovered judgment on two promissory notes, and defendant appeals.

In his answer defendant alleged, and at the trial put in evidence to prove, that the notes were procured from him by means of gross falsehood, misrepresentation, and deceit. This allegation was in no way disputed by plaintiff, but plaintiff is an indorsee of the notes and claims that it is entitled to recover as a "holder in due course." Defendant, among other defenses, contends that it does not appear from any evidence in the record that the notes were indorsed by any person having authority to indorse the same.

The notes are payable on their face to the Western Terminal Elevator Company, and are indorsed on the back as follows: "The Western Terminal Elevator Company, J. T. Reynolds." Reynolds was a stock salesman, who had been employed by one Flynn to sell stock in the Western Terminal Elevator Company, and it was he who procured the notes involved in this case from appellant, and who indorsed and transferred them to the plaintiff.

[1, 2]    In the case of State Bank v. Weeks, 45 S. D. 639,

189 N. W. 941, and 190 N. W. 806, where this same question was under consideration, we said:

"Title to commercial paper passes by indorsement, and, when the indorsement is made by one other than the owner, it is necessary to show that the one making such indorsement had authority from the owner to indorse the same, and the party asserting ownership by virtue of such indorsement has the burden of proving such authority. 2 C. J. 636; Scotland County Bank v. Hohn, 146 Mo. App. 699, 125 S. W. 539; Bank v. McFarland (Utah), 195 Pac. 313; Curran v. Wilson, 36 Cal. App. 208, 171 Pac. 817; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Spicer v. Smith, 23 Mich. 96. And the indorsement of commercial paper being an act that must be done in writing, the authority to perform such act must be conferred by written authority. Section 1723, Rev. Code 1919. Under this rule the plaintiff failed to prove authority in Colby to indorse the note. The letter written by Burlingame does not confer upon Colby authority to indorse notes. It does not purport to confer such authority. It is merely an unsworn statement by Burlingame that Colby and other stock salesmen had such authority, and is not competent to prove any fact in issue in the case."

For the purpose of showing that Reynolds had authority to indorse the notes in question, one King, the president of the Western Terminal Elevator Company, went upon the stand and testified as follows:

"I could not state that Exhibit A is an exact copy of the authority that was given to Mr. Reynolds with reference to the indorsement of commercial paper. It appears to be blank as to names of the salesmen and the officers, and I do not remember having compared this with the authority given to Mr. Reynolds, but I took it for granted it is something along that line. I am sure the authority to Mr. Reynolds was in writing. I do not authorize those sales agents to indorse paper generally. I can't answer offhand whether it was a limited authority or not. Mr. Flynn had charge of that part of the business. I can't say at this time whether he made a general practice of that or not. I think this form was prepared for that purpose. I do not think there was more than one form prepared, and according to this form our sales agents were only authorized and empowered to indorse

in the name of the company without recourse; none of them were authorized to indorse with recourse. I think Mr. Reynolds had authority to indorse the name of the Western Terminal Elevator Company. I think Exhibit A is the authority that was given him. It may be worded a little different. I have no definite recollection of it having been given at this time, but I think it contained what is on that paper. I think this is a copy. The office force told me that this is an exact copy of the authority given to Mr. Reynolds. There is nothing in the by-laws authorizing Mr. Reynolds to indorse the name of the company. It was given to him by myself and Mr. Montgomery, the secretary."

Exhibit A, above referred to, is as follows:

"To Whom It May Concern: This is to certify that ———— is authorized and is hereby empowered to indorse the name of the company without recourse, on notes, drafts and other negotiable instruments, for the purpose of purchasing exchange payable to the order of this company. Western Terminal Elevator Company, ————————, President. ————————, Secretary."

[3]   From all of this evidence the extent of Reynold's authority cannot be ascertained. It cannot be said that he ever had written authority to do anything, and it affirmatively appears that he did not have authority to indorse notes, except without recourse, so that, under the most favorable view of the evidence, the general indorsement of the notes by Reynolds was without authority, either written or oral.

[4]   Upon this subject Anderson, the cashier of the plaintiff bank, testified that at the time he discounted the notes Reynolds showed him a letter authorizing Reynolds to act as agent for the Western Terminal Elevator Company.

"It was just a letter from the company stating that he Reynolds) represented them in the sale of stock, and that he had authority to sign for the company notes in exchange for drafts or exchange payable to the company."

Such letter, however, did not confer authority to indorse notes. State Bank v. Weeks, supra.

Plaintiff, having failed to show that Reynolds had authority to indorse the notes, was not entitled to recover, and appellant had a right to a verdict.

The judgment appealed from is reversed.

Note.—Reported in 196 N. W. 95. See, Headnote (1), American Key-Numbered Digest, Principal and agent, Key-No. 119(1), Agency, 2 C. J. Sec. 665; (2) Principal and agent, Key-No. 117(1), Agency, 2 C. J. Sec. 53; (3) Principal and agent, Key-No. 109(4), Agency, 2 C. J. Sec. 283; (4) Principal and agent, Key-No. 123(9), Agency, 2 C. J. Secs. 283, 53.

On power of agent to indorse negotiable paper, see note in 27 L. R. A. 401.

On Rev. Code 1919, Sec. 1723, see annotations, Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 3100.

On Uniform Negotiable Instruments Law, see Rev. Code 1919, Secs. 1705 et seq., 8 U. L. A. 7.