CITIZENS BANK & TRUST COMPANY, Appellant, v. Mc-
GAA, et al, Respondents.

(201 N. W. 783.)

(File No. 5383.   Opinion filed December 31, 1924.)

1.  **Corporations—Guaranty — Contracts — Guaranteeing Payment of Notes Given in Place of Those Sold by Corporation Held Not Within Implied Authority of Secretary.**

Guaranteeing payment of renewal notes, given in place of others executed to corporation, and sold by it, is not within authority of its secretary; such authority not being expressly given by directors, nor impliable from his duties imposed by by-laws.

2.  **Corporations—Estoppel—Evidence—Facts Held Not to Make a Case for Estoppel to Question Validity of Secretary's Guaranty of Payment of Notes.**

Facts held not to make a case for estoppel of corporation to question validity of secretary's guaranty of payment of note given in place of one sold by corporation, on theory of stockholders and directors abandoning their functions as such, and permitting secretary and treasurer to assume and control management; neither the treasurer nor the president, who devoted all his time to the business, knowing thereof.

3.  **Principal and Agent—Bills and Notes—General Indorsement by Payee's Agent, Authorized to Indorse Without Recourse Only, Qualified in Effect.**

Indorsement, though general in form, of note by payee's sales agent, authorized to indorse without recourse only, is qualified in fact, so that, under Rev. Code 1919, Sec. 1742, buyer takes note solely on responsibility of maker.

4.  **Guaranty—Contents—Bills and Notes—Consideration—Guaranty by Seller Without Recourse of Payment of Note Given in Renewal by Maker Held Without Consideration.**

Where payee sells note without recourse, so that buyer takes solely on maker's responsibility, and though note is not paid, buyer is liable on certificate of deposit given seller for the note, guaranty by seller of payment of note given by maker to buyer in place of that sold, on it not being paid at maturity, is without consideration, in the absence of more.

5.  **Principal and Agent—Bills and Notes—Buyer Bound to Ascertain Extent of Authority of Payee's Agent to Indorse.**

Under Rev. Code, Sec. 1723, providing that signature of party to negotiable instrument may be made by agent duly authorized in writing, buyer of note from payee's agent, though

not knowing his authority to indorse was without recourse only, was bound by the limitation; it being his duty to ascertain the extent of his authority.

Appeal from Circuit Court, Pennington County; Hon. WAL-TER G. MISER, Judge.

Action by the Citizens' Bank & Trust Company against W. D. McGaa and another. From judgment in favor of defendant the Dacotah Packing Company, plaintiff appeals. Affirmed.

*Buell, Denu & Philip,* of Rapid City, for Appellant.
*Schrader & Lewis,* of Rapid City, for Respondents.

(1) To point one of the opinion, Appellant cited: 10 Cyc. 351; Grant County State Bank v. Northwestern Land Co., 150 N. W. 741; American National Bank v. Wheeler Adams Auto Co., 31 S. D. 524, 141 N. W. 396; Michigan Idaho Lbd. Co. v. Ins. Co., 161 N. W. 130; Johnson v. Milwaukee Co., (Neb.) 64 N. W. 1100; Rathbun v. Snow, (N. Y.) 10 L. R. A. 355; Moyer v. Co., 25 L. R. A. 48; Ashley Co. v. Illinois Co., 56 Am. St. Rep. 187.

(2) To point two, Appellant cited: Magowan v. Groenweg, 14 S. D. 543, 86 N. W. 626, 16 S. D. 29, 91 N. W. 335; Davis v. Coal Co., 21 S. D. 173, 110 N. W. 113; Wood v. Saginaw Gold Mining Co., 20 S. D. 161, 105 N. W. 101; Hunt v. Northwestern Mortgage Trust Co., 16 S. D. 241, 92 N. W. 23; Dederick v. Mortgage Co., 12 S. D. 59, 80 N. W. 153.

(3) To point three, Respondent cited: Schull v. New Bird-sall Co., 15 S. D. 8; First Amer. & Eng. Enc. of Law, 2nd Ed. 987; Fargo v. Cravans, 9. S. D. 646; 2 C. J. Sec. 204; Des Moines Co. v. Tilford M. Co., 2 S. D. 542; Schmidt v. Garfield National Bank, 19 N. Y. S. 252; Exchange Bank v. Thrower, 118 Ga. 433, 45 S. E. 316; State Bank of Alcester v. Weeks, (S. D.) 189 N. W. 940.

(3)to (5) To points three to five, Appellant cited: Fletcher v. Great Western Elevator Co., 12 S. D. 643, 82 N. W. 184; Uline Loan Co. v. Standard Oil Co., 185 N. W. 1012; Stablin v. Hutterische Gemeinde, (S. D.) 189 N. W. 312, 177 N. W. 810.

POLLEY, J. This action was brought to recover on a promissory note made by the defendant W. D. McGaa and payable to plaintiff. The Dacotah Packing Company is joined as a defendant

and claimed by plaintiff to be liable on said note because of an alleged indorsement and guaranty by defendant. The note involved was given as a renewal note in the place of a past-due note for an equal amount. At the time of the giving of the note set up in plaintiff's complaint, McGaa gave to plaintiff a second note in payment of the interest due on the said overdue note, and which note bears an indorsement and guaranty similar to that on the one set out in the complaint.

The original note, executed by McGaa, was payable to defendant packing company, and was given to a sales agent of said packing company in payment for capital stock therein. Said sales agent by a general indorsement sold and transferred said note to plaintiff. Said agent was authorized by a written authority to indorse the notes of the company, but "without resource" only. When the note was transferred to plaintiff it issued and delivered to said agent a certificate of deposit payable to defendant, equal in amount to the face fo the note, but payable at a date later than the date of the maturity of the note. When the note became due McGaa was unable to pay the same, of which fact plaintiff notified the packing company and demanded that it either pay the same or return the certificate of deposit that had been issued in payment therefor. Some negotiations were had between the officers of the plaintiff and one Rinehart, who was vice president and treasurer of the defendant packing company, and H. F. Fellows, its secretary. As a result of such negotiations McGaa was permitted to give a new note in lieu of the old one, and the interest note above mentioned; each of which notes was indorsed as follows:

"For value received, we hereby guarantee the payment of this note at maturity, or at any time thereafter, with interest at the rate of 10 per cent per annum, until paid, waiving demand, notice of nonpayment and protest.

"[Signed] Dacotah Packing Company, Inc.,

"By H. F. Fellows, secretary."

When the said interest note became due plaintiff deducted a sufficient amount to pay the same from money the packing company had on deposit in plaintiff's bank, and sent the said note to the packing company.

In a counterclaim set up in its answer defendant demanded judgment for the amount of money so taken by plaintiff, and also in a separate counterclaim demanded judgment for another and different amount that had been deducted from money belonging to said defendant on deposit in plaintiff's bank in payment of a certain other note payable to the packing company that had been indorsed by a general indorsement by one of the defendant's sales agents, but who had authority to indorse notes "without recourse" only.

The case was tried to the court without a jury. Findings of fact, conclusions of law, and judgment were in favor of defendant packing company, and plaintiff appeals.

Numerous errors are assigned by appellant, but a determination of the controversy depends upon the binding effect on the packing company of the indorsement of the sales agents and the secretary of the packing company as above set out. At the time of the execution of the note sued on in this action, and at the time of their indorsement and guaranty thereof by Fellows as secretary of the packing company, said company still had in its possession the certificate of deposit that had been issued in payment for the original note. Plaintiff notified the packing company that it would have to either pay the McGaa note or return the said certificate of deposit, and that unless it did one or the other of these two acts plaintiff would charge the amount due on the note against the packing company's deposit in plaintiff's bank. The result was the giving of the new note by McGaa with the indorsement and guaranty by Fellows as secretary of the packing company. Later on the packing company presented the said certificate of deposit for payment, and it was paid in full by plaintiff.

[1-4] It is the contention of appellant that Fellows as secretary of the packing company had authority as such secretary to guarantee the McGaa note, and that if he did not have such authority then that the payment of the certificate of deposit that had been given for the note was such a consideration for the guaranty of the note that the defendant cannot rescind or repudiate the act of the secretary without returning such consideration. Neither of these contentions is supported by the record.

Authority to indorse or guarantee promissory notes had never been given to Fellows by any act on the part of the board of

directors of defendant company. Therefore he had no express authority. The by-laws of the company impose upon him only such duties as are provided or contemplated by the statute, such as keeping the record of the acts of the board of directors, keeping the stock transfer books, keeping the corporation seal and affixing it to conveyances of real estate and other instruments requiring the seal, and such other duties as might be required by the board of directors; but nothing that implies authority to indorse or guarantee negotiable paper. And the indorsing or guaranteeing of such paper is not within the general scope of his duties as secretary. But appellant contends that the secretary with the knowledge and acquiescence of the board of directors made such a practice of indorsing and guaranteeing notes as to amount to implied authority, and that respondent was thereby estopped from denying such authority. The record does not support this contention. It is true that there were other occasions where the secretary indorsed notes in the same manner as in this case.

Again, it is claimed by appellant that the stockholders and directors of respondent company had abandoned their functions and duties as directors and stockholders, and permitted Fellows, the secretary, and Rinehart, the treasurer, to assume and control the management of the affairs of the corporation, and that because of such abandonment the corporation is estopped from questioning the validity of the acts of these two officers performed in the usual and ordinary course of business, and without fraud, to the detriment of third parties, and who have acted in good faith and without notice of actual want of authority on the part of such officers, and in support of such contention cite and rely upon Bank v. Auto Co., 31 S. D. 524, 141 N. W. 396. But the facts in this case do not bring it within this rule. It appears from the record that the president of respondent company devoted all his time to the business of the company, yet he took no part in the transactions involved in this action, and had no knowledge of such transactions until long afterwards. The treasurer of the company was not present when the note was indorsed, and testified that he did not know the secretary intended to guarantee the note. There is no finding by the court that either the president or the treasurer authorized, or took any part in the transaction, and the court found that the indorsement of the note was "without

4—Vol. 48, S. D.

the authority, knowledge, or consent of the defendant corporation or its subsequent ratification, and was made without any consideration whatever, and until a short time before the commencement of this action the defendant corporation had no knowledge or notice of said pretended indorsement or guaranty."

Appellant complains of the part of this finding to the effect that the indorsement was made without consideration, but the finding is supported by the facts as shown by appellant itself. The original note was executed by McGaa in payment of capital stock subscribed for by him. The note was payable to respondent company, but was delivered to one Nance, as sales agent. Nance took the note to appellant bank, where he indorsed it, by a general indorsement, to appellant, and accepted in payment therefor a certificate of deposit for the full amount of the note payable to respondent. Nance had written authority to indorse such notes, but "without recourse" only. The effect of this was that, whatever the form of the indorsement, it was without recourse to respondent, and appellant took it solely upon the responsibility of McGaa. Section 1742, Code 1919. Respondent was not obliged to protect appellant in the collection of the note, nor had appellant the right to charge the amount thereof against respondent's deposit in appellant bank. The result is that the act of Fellows, the secretary of respondent corporation, was purely gratuitous on his part, and in no way binding on respondent.

[5] The trial court found as a fact that appellant knew at the time it took the note from Nance that Nance had authority to indorse the note "without recourse" only. This finding is challenged by appellant. It is not clear that this finding is supported by the evidence. But this is not material. It was not necessary for respondent to show that appellant knew that the agent who indorsed the note did not have authority to make an unqualified indorsement. On the other hand, appellant had the burden of proving the extent of Nance's authority. Bank v. Weeks, 45 S. D. 639, 189 N. W. 941; Section 1723, C. 1919; Des Moines v. Tilford Milling Co., 9 S. D. 542, 70 N. W. 839; 2 C. J. 561.

Appellant knew as a matter of law that Nance could not indorse the note, so as to bind the payee, unless authorized in writing so to do by the payee; therefore, when Nance presented

the note to appellant for sale, it was appellant's duty to ascertain the extent of his authority, if it did not already possess this knowledge, and having failed to exercise this precaution, it assumed all the risk of such authority. Nance having authority to indorse the note "without recourse" only, appellant took the note "without recourse" to respondent and respondent was freed from all liability on the note. Appellant was obliged to rely wholly upon McGaa for payment of the note, but was liable to respondent on the certificate of deposit, regardless of whether the McGaa note was ever paid.

What is said herein relative to the McGaa note applies to the notes set up in the counterclaim, and for the same reasons judgment was properly entered on the counterclaims.

The judgment and order appealed from are affirmed.

DILLON, J., not present.