STATE BANK OF ALCESTER, Appellant, v. WEEKS, Respondent.

(220 N. W. 502.)

(File No. 5718. Opinion filed July 14, 1928.)

*Caldwell & Caldwell,* of Sioux Falls, for Appellant.

*A. B. Carlson,* of Canton, and *Bogue & Bogue,* of Parker, for Respondent.

BROWN, J. This case was before the court on a former appeal, 45 S. D. 639, 189 N. W. 941, and on rehearing, 46 S. D. 93, 190 N. W. 806. After remand to the trial court, it was again tried and, in addition to the evidence given on the first trial, ap-

pellant proved that, under the law of the state of Iowa, authority to indorse negotiable instruments could be conferred upon an agent orally, and that the appointment of Colby as agent of the Midland Packing Company was made in Iowa.

On rehearing on the former appeal it was contended that the Midland Packing Company had ratified Colby's indorsement and that this was equivalent to authority previously conferred in such manner as to make the indorsement valid. But the court held that, conceding agency was shown by the acts of ratification, still an agent's authority to indorse negotiable instruments in South Dakota must be in writing. The additional proof submitted by appellant showed authority conferred orally, and under the law of Iowa this was sufficient.

Appellant invokes the rule that a contract valid in the state where it is made is valid everywhere, and contends that, since the oral appointment of Colby as agent of the Midland Packing Company gave him authority to indorse commercial paper, that agency contract must be recognized as valid in South Dakota. But granting the sufficiency of the oral appointment of Colby in Iowa, and his authority to indorse notes of the company there, the validity of an agent's acts must be governed by the law of the place where he is to act (2 C. J. 668, § 316), and since the law of this state requires that the authority of an agent to indorse commercial paper for his principal must be in writing, such authority cannot be established by proof of express oral authority any more than it can be established by proof of ratification. Security Holding Co. v. Christensen, — S. D. —, 219 N. W. 949.

The judgment of the trial court is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.